IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN GANNON,

    Plaintiff,

                                 CASE NO.:

-vs-

SANTANDER CONSUMER, USA, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, LYNN GANNON, by and through her undersigned counsel, sues the Defendant, SANTANDER CONSUMER, USA, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like SANTANDER CONSUMER USA, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. Venue is proper in this District because the Plaintiff resides in this District (Sarasota County), the phone calls were received in this District, and the Defendant transacts business in Sarasota County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota County, Florida, and resides in this District.

10. Defendant is corporation and a citizen of the State of Illinois with a principal place of business and/or office for transacting its business located at 8585 N. Stemmons, Suite1100-N, Dallas, Texas 75201.

11. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Sarasota County, Florida, by the Defendant's placing of illegal calls to Sarasota County, Florida.

12. Defendant, at all material times, was attempting to collect on a vehicle loan account, Account ending in: 3004 (hereinafter the "subject account"), which was issued and serviced by Defendant.

13. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately April, 2014 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

14. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

15. Plaintiff's had a conversation with Defendant's representative on July 8, 2014 at 7:45 pm. during which she asked the representative to stop calling her on her cellular telephone number. The Defendant's representative then asked Plaintiff what her cellular telephone number was to which she replied, "you should have it since you just called me." The representative then

told Plaintiff that he did not know what number was called since it was called by the autodialer. Plaintiff then gave the representative her number and repeated her request not to be called on her cellular number.

16. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after July 8, 2014, was done so after she had revoked consent and without the "prior expressed consent" of the Plaintiff.

17. In approximately April, 2014, Plaintiff fell a month behind in her payments and began receiving these autodialer calls from Defendant on her cellular telephone number, (941) 920-0054, concerning the subject account. Plaintiff explained during a telephone call from Defendant that she would pay Defendant as soon as she was able.

18. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (941) 920-0054, and was the called party and recipient of Defendant's autodialer calls.

19. The autodialer calls from Defendant came from the telephone numbers including but not limited to 855-825-6667 and 888-222-4227; and when that number is called, an automated voice answers and identifies itself as "Santander Consumer USA"

20. After receiving numerous autodialer calls since April, 2014, to her cellular telephone number from Defendant, Plaintiff spoke to a representative of Defendant on or about July 8, 2014, and requested the calls from Defendant stop and told Defendant's representative to "please stop calling me," that she could not afford to make any payments and that she would call Defendant when she was able to make a payment. As outlined in paragraph 15 above, Defendant's representative informed Plaintiff that her number was in their autodialer system and calls will continue.

21. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

22. The autodialer calls from Defendant continued, on average, three (3) times a day from July 9, 2014, through the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

23. While Plaintiff did not keep contemporaneous detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a list of some of calls to Plaintiff's cellular telephone from Defendant between July 9, 2014 and March 8, 2015 showing 200 calls during that time frame. The Court in *Nelson v. Santander Consumer, USA, Inc.*, at 931 F.Supp.2d 919, found that the Defendant used an Automatic Telephonic Dialing System and/or predictive dialer within the scope of § 227(a)(1) and the FCC's order.

24. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

25. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond July 8, 2014, when Plaintiff first advised Defendant to stop calling Plaintiff.

26. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

5

27. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

30. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

31. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

32. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully stated herein.

34. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent,

36. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on July 8, 2014, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

37. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SANTANDER CONSUMER USA, INC., for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

38. Plaintiff re-alleges paragraphs one (1) through thirty-two (32) above as if fully stated herein:

39. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can be reasonably be expected to harass the debtor.

41. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

42. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SANTANDER CONSUMER USA, INC., for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com

| Date | Time |
|---|---|
| 07/08/14 | 7:45 p.m. |
| 07/12/14 | 1:41 p.m. |
| 07/13/14 | 8:00 a.m. |
| 07/14/14 | 1:26 p.m. |
| 07/14/14 | 3:45 p.m. |
| 07/15/14 | 1:28 p.m. |
| 07/15/14 | 8:11 a.m. |
| 07/16/14 | 1:41 p.m. |
| 07/16/14 | 11:56 a.m. |
| 07/18/14 | 12:39 p.m. |
| 07/18/14 | 4:49 p.m. |
| 07/18/14 | 5:06 p.m. |
| 07/18/14 | 9:36 a.m. |
| 07/19/14 | 1:30 p.m. |
| 07/19/14 | 10:46 a.m. |
| 07/20/14 | 8:12 a.m. |
| 07/21/14 | 12:50 p.m. |
| 07/21/14 | 5:00 p.m. |
| 07/21/14 | 9:25 a.m. |
| 07/22/14 | 12:50 p.m. |
| 07/23/14 | 1:20 p.m. |
| 07/23/14 | 3:43 p.m. |
| 07/23/14 | 8:45 a.m. |
| 07/24/14 | 10:45 a.m. |
| 07/24/14 | 3:15 p.m. |
| 07/24/14 | 8:25 a.m. |
| 07/26/14 | 8:10 a.m. |
| 08/14/14 | 8:45 a.m. |
| 08/15/14 | 1:39 p.m. |
| 08/15/14 | 3:36 p.m. |
| 08/16/14 | 8:18 a.m. |
| 08/17/14 | 12:31 p.m. |
| 08/18/14 | 1:38 p.m. |
| 08/19/14 | 9:57 a.m. |
| 08/20/14 | 1:31 p.m. |
| 08/20/14 | 4:18 p.m. |
| 08/21/14 | 8:19 p.m. |
| 08/22/14 | 1:30 p.m. |
| 08/22/14 | 9:15 a.m. |
| 08/23/14 | 11:15 a.m. |
| 08/23/14 | 4:06 p.m. |
| 08/23/14 | 9:52 a.m. |
| 08/24/14 | 10:23 a.m. |



EXHIBIT A

| | |
|---|---|
| 08/25/14 | 12:58 p.m. |
| 08/26/14 | 10:48 a.m. |
| 08/26/14 | 11:41 a.m. |
| 08/26/14 | 12:10 p.m. |
| 08/27/14 | 8:15 a.m. |
| 08/28/14 | 1:15 p.m. |
| 08/29/14 | 1:40 p.m. |
| 08/29/14 | 9:18 a.m. |
| 08/30/14 | 1:18 p.m. |
| 08/30/14 | 8:18 a.m. |
| 08/31/14 | 10:57 a.m. |
| 09/01/14 | 9:18 a.m. |
| 09/02/14 | 8:15 a.m. |
| 09/03/14 | 10:14 a.m. |
| 09/04/14 | 11:11 a.m. |
| 09/05/14 | 9:54 a.m. |
| 09/06/14 | 11:22 a.m. |
| 09/06/14 | 2:24 p.m. |
| 09/06/14 | 9:48 a.m. |
| 10/28/14 | 3:15 p.m. |
| 10/28/14 | 8:30 a.m. |
| 10/29/14 | 2:29 p.m. |
| 10/29/14 | 4:25 p.m. |
| 10/29/14 | 8:36 a.m. |
| 10/30/14 | 12:01 p.m. |
| 10/30/14 | 8:43 a.m. |
| 10/31/14 | 1:50 p.m. |
| 10/31/14 | 8:22 a.m. |
| 11/01/14 | 12:10 p.m. |
| 11/01/14 | 3:45 p.m. |
| 11/01/14 | 8:10 a.m. |
| 11/02/14 | 12:12 p.m. |
| 11/02/14 | 3:25 p.m. |
| 11/02/14 | 8:45 a.m. |
| 11/03/14 | 11:47 a.m. |
| 11/03/14 | 3:30 p.m. |
| 11/03/14 | 8:22 a.m. |
| 11/04/14 | 12:27 p.m. |
| 11/04/14 | 4:30 p.m. |
| 11/04/14 | 8:25 a.m. |
| 11/05/14 | 1:40 p.m. |
| 11/05/14 | 9:50 a.m. |
| 11/06/14 | 12:45 p.m. |
| 11/06/14 | 5:11 p.m. |
| 11/06/14 | 8:50 a.m. |

| | |
|---|---|
| 11/07/14 | 11:58 p.m. |
| 11/07/14 | 3:18 p.m. |
| 11/07/14 | 3:30 p.m. |
| 11/08/14 | 11:58 a.m. |
| 11/08/14 | 4:30 p.m. |
| 11/09/14 | 8:35 a.m. |
| 12/15/14 | 10:30 a.m. |
| 12/15/14 | 3:30 p.m. |
| 12/16/14 | 10:27 a.m. |
| 12/16/14 | 1:11 p.m. |
| 12/17/14 | 8:34 a.m. |
| 12/17/14 | 12:22 p.m. |
| 12/17/14 | 5:10 p.m. |
| 12/18/14 | 10:31 a.m. |
| 12/18/14 | 12:31 p.m. |
| 12/19/14 | 12:12 p.m. |
| 12/19/14 | 3:51 p.m. |
| 12/19/14 | 5:06 p.m. |
| 12/20/14 | 8:46 a.m. |
| 12/20/14 | 1:20 p.m. |
| 12/21/14 | 8:02 a.m. |
| 12/21/14 | 11:50 a.m. |
| 12/21/14 | 3:11 p.m. |
| 12/22/14 | 8:03 a.m. |
| 12/22/14 | 12:02 p.m. |
| 12/23/14 | 10:47 a.m. |
| 12/23/14 | 2:27 p.m. |
| 12/24/14 | 9:00 a.m. |
| 12/24/14 | 12:09 p.m. |
| 12/26/14 | 8:40 a.m. |
| 12/26/14 | 12:04 p.m. |
| 12/26/14 | 3:10 p.m. |
| 12/27/14 | 9:02 a.m. |
| 12/27/14 | 1:32 p.m. |
| 12/28/14 | 8:54 a.m. |
| 12/28/14 | 2:29 p.m. |
| 12/29/14 | 9:54 a.m. |
| 12/29/14 | 2:42 p.m. |
| 12/29/14 | 3:45 p.m. |
| 12/30/14 | 8:17 a.m. |
| 12/30/14 | 11:47 a.m. |
| 12/30/14 | 3:14 p.m. |
| 12/31/14 | 1:46 p.m. |
| 12/31/14 | 3:11 p.m. |
| 01/02/15 | 9:45 a.m. |

| | |
|---|---|
| 01/02/15 | 1:35 p.m. |
| 01/03/15 | 10:00 a.m. |
| 01/03/15 | 5:20 p.m. |
| 01/04/15 | 8:13 a.m. |
| 01/04/15 | 10:45 a.m. |
| 01/04/15 | 4:12 p.m. |
| 01/05/15 | 8:42 a.m. |
| 01/05/15 | 1:36 p.m. |
| 01/05/15 | 5:40 p.m. |
| 01/06/15 | 8:32 a.m. |
| 01/06/15 | 11:58 a.m. |
| 01/05/15 | 4:14 p.m. |
| 02/14/15 | 10:10 a.m. |
| 02/14/15 | 3:00 p.m. |
| 02/15/15 | 8:19 a.m. |
| 02/16/15 | 8:23 a.m. |
| 02/16/15 | 12:19 p.m. |
| 02/16/15 | 4:12 p.m. |
| 02/17/15 | 8:10 a.m. |
| 02/17/15 | 12:09 p.m. |
| 02/17/15 | 3:10 p.m. |
| 02/18/15 | 8:23 a.m. |
| 02/18/15 | 12:04 p.m. |
| 02/18/15 | 3:42 p.m. |
| 02/19/15 | 10:58 a.m. |
| 02/19/15 | 1:34 p.m. |
| 02/20/15 | 11:23 a.m. |
| 02/20/15 | 12:57 p.m. |
| 02/21/15 | 10:58 a.m. |
| 02/21/15 | 3:11 p.m. |
| 02/22/15 | 9:42 a.m. |
| 02/22/15 | 12:43 p.m. |
| 02/23/15 | 9:42 a.m. |
| 02/23/15 | 12:15 p.m. |
| 02/23/15 | 3:10 p.m. |
| 02/24/15 | 8:12 a.m. |
| 02/24/15 | 12:10 p.m. |
| 02/24/15 | 3:14 p.m. |
| 02/25/15 | 9:30 a.m. |
| 02/25/15 | 11:56 a.m. |
| 02/25/15 | 2:26 p.m. |
| 02/26/15 | 9:01 a.m. |
| 02/26/15 | 12:12 p.m. |
| 02/26/15 | 4:06 p.m. |
| 02/27/15 | 8:07 a.m. |

| | |
|---|---|
| 02/27/15 | 11:49 a.m. |
| 02/27/15 | 1:41 p.m. |
| 02/28/15 | 8:46 a.m. |
| 02/28/15 | 1:26 p.m. |
| 03/01/15 | 9:31 a.m. |
| 03/02/15 | 9:44 a.m. |
| 03/02/15 | 1:51 p.m. |
| 03/02/15 | 4:56 p.m. |
| 03/03/15 | 8:43 a.m. |
| 03/03/15 | 5:35 p.m. |
| 03/04/15 | 8:46 a.m. |
| 03/04/15 | 12:43 p.m. |
| 03/04/15 | 4:38 p.m. |
| 03/05/15 | 8:48 a.m. |
| 03/05/15 | 12:42 p.m. |
| 03/05/15 | 3:38 p.m. |
| 03/06/15 | 8:23 a.m. |
| 03/06/15 | 11:20 a.m. |
| 03/06/15 | 1:31 p.m. |
| 03/07/15 | 9:28 a.m. |
| 03/07/15 | 1:02 p.m. |
| 03/08/15 | 8:18 a.m. |